ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020-1182
(212) 278-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>                   Plaintiff,<br><br>     v.<br><br>CLM GROUP INC. d/b/a COUNCIL ON LITIGATION MANAGEMENT, HARRY ROSENTHAL, ERIC GILKEY and BRYAN PIFER,<br><br>                   Defendants. | 12-CIV-1109 (HB)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

## ANSWER OF DEFENDANT CLM GROUP INC. d/b/a COUNCIL ON LITIGATION MANAGEMENT, HARRY ROSENTHAL, ERIC GILKEY and BRYAN PIFER TO COMPLAINT OF PLAINTIFF HARTFORD CASUALTY INSURANCE COMPANY

Defendants CLM Group Inc. d/b/a Council on Litigation Management,

Harry Rosenthal, Eric Gilkey and Bryan Pifer ("CLM"), by their undersigned counsel,

hereby submit their Answer, responding to the allegations of the complaint of Plaintiff,

Hartford Casualty Insurance Company ("Hartford"), as follows:

## INTRODUCTION

1.      Defendants admit that Hartford issued a general liability insurance

policy to CLM for the period of August 1, 2011 to August 1, 2012.  Defendants admit

that CLM asked Hartford to provide a defense and indemnity under the Policy in

connection with the Underlying Action.  Defendants deny that the Policy does not cover

CLM with respect to its claim for a defense and indemnity in connection with the Underlying Action.  As for the remaining factual allegations contained in paragraph 1, the complaint in the Underlying Action speaks for itself.

## THE PARTIES

2.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the complaint.

3.     Defendants admit the allegations contained in Paragraph 3 of the complaint.

4.     Defendants admit the allegations contained in Paragraph 4 of the complaint.

5.     Defendants admit the allegations contained in Paragraph 5 of the complaint.

6.     Defendants admit the allegations contained in Paragraph 6 of the complaint.

## JURISDICTION AND VENUE

7.     The allegations contained in Paragraph 7 are conclusions of law to which no response is required.

8.     The allegations contained in Paragraph 8 are conclusions of law to which no response is required.  To the extent that a response is necessary, the allegations in Paragraph 8 are denied.

9.     The allegations contained in Paragraph 9 are conclusions of law to which no response is required.  To the extent that a response is necessary, the allegations in Paragraph 9 are denied.

-2-

10.     Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in paragraph 11 of the Complaint.

## BACKGROUND ALLEGATIONS

12.     The allegations contained in paragraph 12 of the Complaint refer to a document that speaks for itself, and CLM respectfully refers the Court to the Complaint in the "Underlying Action."

13.     The allegations contained in paragraph 13 of the Complaint refer to a document that speaks for itself, and CLM respectfully refers the Court to the Complaint in the "Underlying Action."

14.     The allegations contained in paragraph 14 of the Complaint refer to a document that speaks for itself, and CLM respectfully refers the Court to the Complaint in the "Underlying Action."

15.     The allegations contained in paragraph 15 of the Complaint refer to a document that speaks for itself, and CLM respectfully refers the Court to the Complaint in the "Underlying Action."

16.     The allegations contained in paragraph 16 of the Complaint refer to a document that speaks for itself, and Defendants respectfully refer the Court to the Complaint in the "Underlying Action."

## THE POLICY

17.     The allegations contained in paragraph 17 of the Complaint refer to a document that speaks for itself, and Defendants respectfully refer the Court to the Policy for terms and conditions set forth therein.

-3-

nydocs1-985895.1

18.     The allegations contained in paragraph 18 of the Complaint refer to a document that speaks for itself, and Defendants respectfully refer the Court to the Policy for terms and conditions set forth therein.

19.     Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint, except that CLM admits that on or about December 2, 2011, Hartford disclaimed coverage for the Underlying Action.

## COUNT I

21.     Defendants incorporate by reference their answers to paragraphs 1 through 20 as set forth above.

22.     CLM denies the allegations contained in paragraph 22 of the Complaint.

23.     CLM denies the allegations contained in paragraph 23 of the Complaint.

24.     CLM denies the allegations contained in paragraph 24 of the Complaint.

25.     CLM denies the allegations contained in paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

Further answering, Defendants state the following as affirmative defenses to the complaint:

-4-

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims are barred due to their breach of the implied covenant of good faith and fair dealing and/or by their bad faith conduct.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims fail because they breached the insurance policies they sold to Defendants.

## FIFTH AFFIRMATIVE DEFNSE

5.      Plaintiffs' complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred by the doctrines of waiver, laches, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims fail because Plaintiffs have not sustained any damages.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' damages, if any, were caused by their own acts or omissions.

nydocs1-985895.1

## NINTH AFFIRMATIVE DEFENSE

9.      Defendants are entitled to a set-off of Plaintiffs' damages, if any, as Plaintiffs' damages are based on improper, negligent and unlawful handling of the insurance coverage claim made against CLM under the Policy.

WHEREFORE, Defendants pray that Plaintiffs' complaint be dismissed, that Defendants be awarded reasonable attorneys' fees and costs, and for such other and further relief as may be proper and just.


Dated: New York, New York
      April 16, 2012

ANDERSON KILL & OLICK, P.C.

*Diana S. Gliedman*

Diana Shafter Gliedman, Esq.
1251 Avenue of the Americas
New York, NY  10020-1182
(212) 278-1000
*Attorney For Defendants CLM Group Inc.,*
*Harry Rosenthal, Eric Gilkey and Bryan*
*Pifer.*


TO:
Stephen M. Lazre, Esq.
Marci Goldstein Kokalas
950 Third Avenue
New York, NY 10022
(212) 758-9300
*Attorneys for Hartford Casualty Insurance Company*